**YAN PING LIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States,\* United States Department of Justice, Michael Chertoff, Secretary of the Department of Homeland Security, and Department of Homeland Security, Respondents.**

No. 03–40225–ag.

United States Court of Appeals, Second Circuit.

Sept. 29, 2006.

Douglas B. Payne, New York, New York, for Petitioner.

David C. Iglesias, United States Attorney for the District of New Mexico, Laura Fashing, Assistant United States Attorney, Albuquerque, New Mexico, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioner Yan Ping Lin, a native and citizen of the People's Republic of China, seeks review of a June 2003 order of the BIA denying her motion to reconsider or reopen. *In re Yang Ping Lin*, No. A 73 643 165 (B.I.A. June 18, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The regulations provide that a motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. *See* 8 C.F.R. § 1003.2(b). Here, because Lin admits that she did not inform the BIA that she had given birth to her third child until after it had already decided her appeal, the agency made no errors of law or fact that would warrant the grant of a motion to reconsider. In addition, "[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1) (2005). Here, all of Lin's arguments for reopening her case were connected to the January 1997 Tantou regulations that she submitted as "new" evidence. However, we agree with the BIA that the regulations were previously available to Lin. Even if the evidence was unavailable at the time of her hearing, Lin fails to explain why it was also unavailable when she filed her first motion to reopen in June 1999 or when she filed her appeal to the BIA in September 2000.

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral arguments in his case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).